## SUPREME COURT.

THE PEOPLE *ex rel.* T. STREETFIELD CLARKSON and others agt. HOMER A. NELSON, county judge of Dutchess county.

Where the *commissioners of highways of two adjoining towns, in different counties,* assemble together in *joint board,* and unite in an order laying out or refusing to lay out, altering or discontinuing, or refusing to alter or discontinue, a road or highway, their judgment and determination cannot be *reviewed by appeal to a county judge of one of the counties.*

*It seems,* that in the absence of any provision of the statute for review in such a case, the determination of the joint board of commissioners must be considered final, and equivalent in all respects to an order of one board of commissioners affirmed by three referees on appeal.

*Kings General Term, December*, 1863.

BROWN, SCRUGHAM, and LOTT, *Justices.*

APPEAL from an order made at special term, denying relators' motion for a peremptory mandamus to the county judge of Dutchess county.

R. E. ANDREWS, *for the relators.*

J. W. ELSEFFER, *for the defendant.*

By the court, BROWN, Justice. Clermont is one of the towns composing the county of Columbia, and the town of Red Hook is a part of the county of Dutchess. On the 9th day of January, 1863, the commissioners of highways of both towns made an order, bearing date on that day, pursuant to section 76 of the act in regard to the laying out public and private roads, &c., (1 *R. S.* 516), refusing to lay out a public highway extending into both the towns of Clermont and Red Hook, and particularly described in such order, and which order was duly filed in the clerk's office of both towns respectively, on the 10th day of January, 1863. From this order the relators took an appeal to the county judge of the county of Dutchess, on the 19th day of February, 1863, claiming and insisting upon a right to appeal therefrom, under and by force of the 8th section of the act of the 14th December, 1847, to amend the act to reduce the number of town officers and town and county expenses, &c., passed May 10th, 1845, which appeal the county judge refused to entertain, upon the ground that no appeal could be taken from the joint order and determination of the commissioners of highways of two adjoining towns, but situate in different counties. The relators thereupon applied to the special term of this court, held before Mr. Justice EMOTT, upon motion in the usual form, for a peremptory writ of mandamus directed to the county judge, commanding him to entertain the said appeal, and proceed to the appointment of referees to hear and determine all

appeals from the said joint order, pursuant to the pro-
visions of the said 8th section. The court at special term
denied the relators' motion, and thereupon they appealed
to the general term.

Originally the right of appeal from the order or deter-
mination of the commissioners of highways in laying out,
altering or discontinuing, or in refusing to lay out, alter or
discontinue a road, was given by section 84 of the act for
laying out public or private roads, &c., (1 *R. S.* 518), to
any three of the judges of the court of common pleas of
the county in which the road was situated. The appeal
was to be taken within sixty days after the making of the
order. They were to have exclusive jurisdiction of all
appeals from the same order, to the end that their deci-
sion when made should embrace the whole subject. They
were to suspend proceedings upon the appeal first made
and upon all other appeals, until the time limited for such
appeals should have expired. In this way they became
possessed of the whole subject of the road, and could make
a determination which would conclude all parties having
an interest in the road. The decision of the judges, or any
two of them, was declared to be conclusive. It was to be
reduced to writing, and filed by them in the office of the
town clerk of the town, who was to record the same. If
the decision of the commissioners of highways was affirmed,
the compensation of the judges was to be paid by the
party appealing, and if the decision of the commissioners
was reversed, the fees of the judges was a charge upon
the county. If the appeal was from an order of the com-
missioners refusing to lay out or alter a road, and the
judges reversed such order, the judges were directed to
proceed to lay out or alter the road applied for, in doing
which they were to proceed in the same manner as the
commissioners of highways are directed to proceed in like
cases. Such road was to be opened by the commissioners
of the town in the same manner as if laid out by them-

selves.   It is quite obvious that these various provisions are not applicable to a road which extends, or which it is proposed to extend, into the towns of different counties, for appeal could not be made " to the judges of the court of common pleas of the county in which the road is situated," because it is not situated in one county, but in two or more.   One set of judges could not obtain exclusive jurisdiction of all the appeals, which it was a principal object of the statute to accomplish, because a construction which would give an appeal at all, must logically give it in each of the counties in which the road is situate, and thus two different classes of judges would obtain jurisdiction of the same subject.   So the filing of the decision upon appeal in one town clerk's office, which is all the statute directs, would fail to effect another purpose which the law plainly has in view, and that is, to file the decision, which is to be a record, in the town where the road is situated, and whose officers were to have charge of it.   So also the provision in regard to the compensation of the judges when the decision of the commissioners was reversed, indicates in the most unequivocal terms that the road has to be wholly within the county charegable with the expenses.

The act of the 14th December, 1847, before referred to, has wrought but little change in the proceedings upon appeal from the orders of commissioners of highways. The 8th section substitutes the county judge in place of the judges of the court of common pleas, and in place of hearing and determining the appeal himself, he shall, after the expiration of the sixty days within which an appeal may be brought, appoint three freeholders as referees to hear and determine all the appeals which may have been brought within the sixty days, and the referees must be residents of the county, but not of the town, wherein the road shall be located.   These referees are to possess the powers and discharge the duties heretofore possessed and discharged by the three judges of the court of com-

mon pleas, and give the same notices heretofore required to be given under the act for laying out private and public roads, to which I have before referred. The absence of any provision for an appeal from the joint order of the commissioners of highways of two towns situate in different counties, in regard to a road or highway extending into both, is either a *casus omissus*, or what is more like, a manifestation of the legislative will that when the commissioners of the two towns assembled together in joint board, and united in an order laying out, or refusing to lay out, alter or discontinuing, or refusing to alter or discontinue a road or highway, their judgment and determination should be final, and equivalent in all respects to an order of one board of commissioners, affirmed by three referees upon appeal.

The order of the special term appealed from should be affirmed, with $10 costs.